IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20160
Conference Calendar
_____

KIRBY GARDNER,

                                        Petitioner-Appellant,

versus

WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-94-3073
- - - - - - - - - -
August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Kirby Gardner filed a petition for habeas corpus pursuant to
28 U.S.C. § 2254 challenging his state court conviction for
burglary.  The district court dismissed the petition without
prejudice for failure to exhaust state habeas remedies.  Gardner
appealed.  Gardner has moved motion to dismiss this appeal.
Gardner's voluntary motion to dismiss is well taken.

---

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

In his motion, Gardner asserts that his habeas petition was mixed in that it contained both habeas and civil rights claims. Gardner seeks to keep the appeal of his claims under 42 U.S.C. § 1983 alive. It is not apparent that Gardner raised any such claims in the district court. Assuming arguendo that he did raise civil rights claims below, any such claims are intertwined with the habeas claims and necessarily implicate the legality of his confinement. It is undisputed that neither Gardner's conviction nor sentence has been invalidated. Under <u>Heck v. Humphrey</u>, 114 S. Ct. 2364, 2372 (1994), Gardner does not have a claim that is cognizable under 42 U.S.C § 1983 at this time. An appeal from such a claim is frivolous. <u>See</u> Fifth Cir. R. 42.2; <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).

APPEAL DISMISSED.